NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AMELIA R. REICHLEY,<br><br>    Plaintiff-Appellant,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner Social Security,<br><br>    Defendant-Appellee. | No.    16-16660<br><br>D.C. No. 2:15-cv-00572-ESW<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
Eileen S. Willett, Magistrate Judge, Presiding

Argued and Submitted January 11, 2018
San Francisco, California

Before:  WALLACE, RAWLINSON, and WATFORD, Circuit Judges.

Appellant Amelia R. Reichley (Reichley) appeals from the district court's

order affirming the denial of social security benefits.  Reichley contends that

substantial evidence does not support the conclusion by the administrative law

judge (ALJ) that Reichley had the residual functional capacity (RFC) to perform

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

light work despite severe impairments stemming from lupus, fibromyalgia, methicillin resistant staphyloccus aureus with abscesses (MRSA), diabetes, and obesity.[1]  Reichley maintains that the ALJ failed to provide specific, clear, and convincing reasons for rejecting her symptom testimony.  Reichley also asserts that the ALJ erred in affording little weight to the opinions of her treating physician and a treating physician assistant.

The ALJ provided the requisite specific, clear, and convincing reasons for finding Reichley's symptom testimony "not entirely credible."  *See Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996) (explaining that "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so") (citation omitted).[2]  The ALJ

---

[1]  Reichley acknowledges that she "does not claim her diabetes is an impairment that precludes a sustained work pace" and does not otherwise challenge the ALJ's findings that her laboratory reports reflected that she had normal blood sugar levels and her medical reports did not reflect "any complaints of symptoms attributable to this condition."  Reichley also does not convincingly challenge the ALJ's determination that "there was no evidence to show [her obesity] precluded work activities altogether."

[2]  Although the Commissioner concedes that the ALJ erred in its findings concerning Reichley's travel, consultative examination, and certain work activities, the ALJ provided sufficient alternative reasons that Reichley's testimony was not entirely credible.  We conclude that the ALJ's misstatements amounted to harmless error.  *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) ("So long as there remains substantial evidence supporting the ALJ's conclusions on credibility and the error does not negate the validity of the ALJ's

(continued...)

sufficiently identified inconsistencies between Reichley's testimony and the objective medical evidence. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects. . . .") (citation omitted). The ALJ specified that Reichley's testimony was inconsistent with her daily activities, as well as the conservative medical treatment she received. Reichley indicated that she was able to care for her children, take care of her personal hygiene/grooming needs, prepare meals, complete household chores, drive, shop, pay bills, and follow instructions. With respect to Reichley's fibromyalgia and lupus, the ALJ properly relied on Reichley's testimony that she did not seek continued treatment with a rheumatologist despite her assertions of disabling pain. *See Shaibi v. Berryhill*, 883 F.3d 1102, 1108 (9th Cir. 2018), *as amended* ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld. . . .") (citation omitted).

_____

[2](...continued)
ultimate credibility conclusion, such is deemed harmless and does not warrant reversal.") (citation, alterations, and internal quotation marks omitted).

The ALJ provided clear and convincing reasons for affording little weight to a fibromyalgia questionnaire signed by a supervising physician. Reichley's medical records do not conclusively establish that the physician had a treating relationship with her. In any event, the ALJ properly concluded that the questionnaire was not supported by the objective medical evidence because the assessed limitations exceeded those reported by Reichley. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (concluding that the ALJ properly discounted questionnaire that conflicted with medical evidence and the claimant's abilities).

The ALJ provided the requisite germane reasons in affording little weight to the assessments of a physician assistant. *See Revels v. Berryhill*, 874 F.3d 648, 655 (9th Cir. 2017) (explaining that "an ALJ may give less deference to other sources . . . if the ALJ gives reasons germane . . . for doing so") (citation and internal quotation marks omitted). The ALJ correctly found that the assessments relied heavily on Reichley's subjective complaints and conflicted with Reichley's conservative medical treatment, treatment notes, objective medical findings, and normal physical examinations.

Substantial evidence in the record, including Reichley's daily activities, supports the ALJ's determination that Reichley had the RFC to perform light work

with certain exertional limitations, as well as her past relevant work as a medical biller. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014) (reviewing for substantial evidence).

**AFFIRMED.**

*Reichley v. Berryhill*, No. 16-16660

WATFORD, Circuit Judge, dissenting:

I would reverse.  In my view, the ALJ improperly discounted Amelia Reichley's symptom testimony and improperly weighed conflicting medical opinion evidence.

As to the symptom testimony, the ALJ erroneously concluded that Reichley's reported symptoms are inconsistent with the objective medical evidence and conflict with her daily living activities.  The ALJ discounted Reichley's testimony because she exhibited normal strength and range of motion in a consultative examination.  This was error because normal physical examination results are compatible with fibromyalgia.  *See Revels v. Berryhill*, 874 F.3d 648, 666 (9th Cir. 2017).  The ALJ also stated that Reichley's symptoms could not be as intense as alleged because she was not seeing a specialist.  But contemporaneous evidence indicates that Reichley was under the care of a pain specialist, and she did attempt to see a rheumatologist.  Finally, contrary to the ALJ's conclusion, Reichley's ability to perform household chores for short periods, often with assistance, is consistent with her testimony that she is unable to sit, stand, or walk for prolonged intervals without experiencing disabling pain.

As to the medical opinion evidence, physician's assistant Leary reported that Reichley suffers from disabling fibromyalgia and other impairments.  The ALJ

discounted that opinion on the basis that it was overly reliant on Reichley's subjective complaints. But fibromyalgia is diagnosed "entirely on the basis of patients' reports of pain and other symptoms." *Benecke v. Barnhart*, 379 F.3d 587, 590 (9th Cir. 2004). The ALJ could not permissibly discount Leary's views on that ground unless the ALJ provided clear and convincing reasons for finding Reichley's symptom testimony not credible. As explained above, the ALJ failed to do so.

Nor do the ALJ's reasons for discounting a fibromyalgia questionnaire, co-signed by Dr. Beach, withstand scrutiny. The ALJ concluded that there were discrepancies between the limitations the questionnaire assessed and those Reichley reported. In attempting to defend that conclusion before us, the Commissioner has identified only one supposed inconsistency: The questionnaire states that Reichley should alternate positions every 21 to 45 minutes, whereas Reichley reported that she can sit or stand for a longer period before feeling pain. It is entirely consistent to say that a patient can stand for an hour or two but should change position more often.

The improperly weighed evidence, if credited as true, establishes disability. I would therefore reverse and remand for a computation of benefits.